# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NICHOLAS PARKS, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. GJH-19-1987 |
| W.C.D.C., *et al.*, | * |
| Defendants. | * |
| | *** |

## MEMORANDUM

On July 3, 2019, Nicholas Parks filed the above-captioned complaint *pro se* against 13 separate defendants alleging, *inter alia*, medical malpractice and violations of his rights under the Eighth and Fourteenth Amendments while he was incarcerated at the Wicomico County Detention Center ("WCDC") in Salisbury, Maryland. ECF No. 1. On August 8, 2019, Parks filed a Motion for Preliminary Injunction and/or Protective Order requesting medical attention, as well as a Motion for Appointment of Counsel. ECF No. 4. On October 29, 2019, counsel entered his appearance for defendant WCDC, and subsequently entered his appearance on behalf of defendants Preston Foreman and Michael Jamison (collectively, the "Correctional Defendants"). ECF Nos. 9, 11. On December 16, 2019, the Correctional Defendants filed a Motion for Extension of Time to respond to Parks' filings. ECF No. 12. According to counsel, none of the 10 remaining defendants appears to be a Wicomico County employee, has been served, or has otherwise agreed to waive service of process. *Id.* at ¶¶ 1, 4.

Upon review of the complaint and the 35-page attachment thereto, it is unclear what Parks' claims are against each defendant. *See* ECF No. 1-1. Under Federal Rule of Civil Procedure 8(a), a pleading which sets forth a claim for relief shall contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the

pleader is entitled to relief; and (3) a demand for the relief sought. The "short and plain statement of the claim" must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." Furthermore, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy these basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 561.

Pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *accord Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 722 (4th Cir. 2010). Pro se complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). Nonetheless, "[w]hile pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391

(4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)).

In his complaint, Parks summarily alleges that defendants violated his constitutional rights. *See* ECF No. 1. Although Parks included a 35-page attachment with his complaint, it is unclear from Parks' lengthy handwritten notes and copies of previous institutional grievance forms what his exact claims are against each named defendant. In light of his self-represented status, Parks will be provided an opportunity to address the noted deficiency through an amended complaint. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 624 (4th Cir. 2015). In the amended complaint, Parks must include: 1) how each defendant is involved in this matter, including the defendant's affiliation with WCDC; 2) what federal law or constitutional provision he is alleging that each defendant violated; 3) the dates of any relevant incidents; and 4) the facts supporting his claims. Parks is forewarned that the failure to file an amended complaint within the time specified herein may result in dismissal of the complaint without prejudice and without further notice.

Parks also filed a Motion for Preliminary Injunction and/or Protective Order, which in its entirety states: "for my hep-c, dental plates to be fixed so I'm able to eat and be out of pain, mental health meds, corrective glasses and my pain levels to be handle [sic] in a fair manner." ECF No. 4. A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). To obtain a preliminary injunction, a movant must demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reinstated in relevant part on remand*, 607 F.3d 355 (4th Cir. 2010) (per curiam). At a minimum, here, Parks cannot prove that he is likely to suffer irreparable

3

harm as he has failed to provide anything to support his requests. Therefore, Parks' Motion for Preliminary Injunction and/or Restraining Order shall be denied.

Within his Motion for Preliminary Injunction and/or Protective Order, Parks also included a Motion for Appointment of Counsel. ECF No. 4. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1),[1] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). There is no absolute right to appointment of counsel; an indigent claimant must present "exceptional circumstances." *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id.*

Parks provides no reasons to support his Motion for Appointment of Counsel. Rather, in the body of the motion, he merely requests "a printout of [his] account" from several correctional facilities. ECF No. 4. Thus, there are no exceptional circumstances that would warrant the appointment of an attorney to represent Parks under §1915(e)(1) at this time, and his Motion for Appointment of Counsel will be denied without prejudice.

Lastly, the Correctional Defendants have filed a Motion for Extension of Time seeking an additional 30 days in which to respond to Parks' filings. ECF No. 12. That motion shall be granted. As Parks is yet to amend his complaint, the Correctional Defendants' response shall be due within 30 days from the date Parks files his amendment.

---

[1] Under § 1915(e)(1), a Court of the United States may request an attorney to represent any person unable to afford counsel.

A separate order follows.

12/23/2019
Date

/s/ 
GEORGE J. HAZEL
United States District Judge